Filed 10/28/14  In re Korey C. CA2/2
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re KOREY C., a Person Coming Under the Juvenile Court Law. | B255168 (Los Angeles County Super. Ct. No. CK67053) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. JUSTIN C. et al., Defendants and Appellants. | |

TO THE COURT:[*]

Justin C. (father) and Kourtney A. (mother) appeal from the juvenile court's order terminating parental rights over their son Korey C.[1] (the minor) pursuant to Welfare and

---

[*]    BOREN, P. J., ASHMANN-GERST, J., and HOFFSTADT, J.

[1]    On September 16, 2014, we dismissed father's appeal from the juvenile court's order terminating his parental rights over Javon C. (Javon), Korey's half-brother. (*In re Javon C.* (Sept. 16, 2014, B255161) [nonpub. opn.].)

Institutions Code section 366.26.[2]  We dismiss the appeal pursuant to *In re Sade C.* (1996) 13 Cal.4th 952, 994, because the parents did not raise any arguable issues on appeal.

## FACTS

The minor was born in January 2006.

From February 2007 to January 2008, father was given family reunification services and family maintenance services in connection with the minor.  A court granted father custody of the minor and terminated the case with a family law order.

The Department of Children and Family Services (Department) received a referral regarding an incident on October 14, 2011.  While Javon was riding on a bus with his mother, J.E., and father, father hit Javon in the mouth when he asked for a snack.  It caused his lip to bleed.

A social worker interviewed the minor and Javon.  They stated that father regularly hit them.  When father was interviewed, he denied hitting or grabbing Javon on the bus, and he denied using any form of physical discipline.  The social worker was unable to interview mother since her whereabouts were unknown; but, it was known that there had been prior referrals on the family and that mother had an extensive criminal history.

The Department filed a petition on behalf of the minor pursuant to section 300, subdivisions (a), (b), and (j)  It alleged, inter alia, that the minor was at risk of physical harm because father struck him with his fists and a belt; father had been arrested for child cruelty; and father had a history of drug use and was a current user of marijuana, which rendered him incapable of providing regular care and supervision.

Subsequently, the minor was placed with Kelly A.

On January 31, 2012, the social worker reported that she had interviewed mother, who said that she wanted the minor back with her because she did not trust father's living

---

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

situation, and that father had manipulated the court during the last case and was doing it again.

On March 3, 2012, father met with a social worker and was given referrals to court-ordered services and a bus pass.

On March 22, 2012, the juvenile court sustained the section 300 petition and granted the parents monitored visitation.

On October 23, 2012, the social worker reported that mother was incarcerated for warrants. Mother's attendance and quality of visits were "very poor," because she failed to show up and left visits early. She also showed no evidence that she had complied with the case plan. Meanwhile, the minor continued to do well in his placement.

By December 2012, mother was participating in a M.E.R.I.T. program at the Los Angeles County jail facility. But, father had failed to drug test as ordered, and he did not provide social workers with updates on his programs. The social worker recommended that reunification services be terminated.

On February 4, 2013, the social worker reported that the parents had completed various programs. But 15 months had passed in the minor's detention, and the parents had not fully completed any of their court-ordered services. So, the social worker once again recommended that services be terminated.

On February 13, 2013, the social worker reported that although the jail visits between mother and the minor had occurred, the minor did not like going into the jail. Thus, the Department requested that mother's visits be suspended while she was in jail.

As for father, over the course of the year, a social worker made telephone calls to father and encouraged him to participate in court-ordered programs. He did not return those calls. He was a no show at drug tests on October 29, 2012, November 9, 2012, November 20, 2012, and December 4, 2012. He failed to provide proof that he participated in any court-ordered programs. And, he missed several visits with the minor.

Thus, at that time, father's reunification services were terminated.

3

Again on April 17, 2013, the social worker recommended that mother's reunification services be terminated; mother had been incarcerated since June 29, 2012, and despite having been given 18 months to complete her services, she had not complied.

In its March 17, 2014, report, the Department indicated that family visits had been difficult to coordinate, because mother did not show up for scheduled visits. Prior to one visit in November 2013, mother approached the caretaker and said she would punch her, which scared the minor, and he refused to visit mother and the maternal relatives who had gone to the visit with her. Instead, he asked to be taken home. Since then, mother had missed 19 visits, and father had missed 16 visits.

The minor and Javon wanted to remain with Kelly A., where they had been since October 27, 2011. Her home study had been approved and she was committed to adopting the boys. The social worker recommended that parental rights be terminated. At the section 366.26 permanency hearing,[3] the juvenile court terminated mother's and father's parental rights over the minor.

## THIS APPEAL

After father and mother filed their notices of appeal, we appointed counsel to represent them. After examining the record, father's counsel and mother's counsel each filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835, indicating an inability to find an arguable issue. On May 13, 2014, and June 19, 2014, we advised the parents that they had 30 days in which to submit a letter or brief setting forth any arguments they wished for us to consider.

On June 20, 2014, father submitted a letter stating that the trial court did not verify the reports submitted by the Department regarding his visitations; he visited the minor more often than was reported; he can verify his visitations through cell phone records and pictures; the Department did not make reasonable efforts to confirm his visitations; and his children's guardian committed perjury when characterizing father's relationships and

---

[3] There was a delay, apparently because maternal relatives notified the Department that they had an interest in adopting the boys.

visitations with his children.  In addition, father argued that he should have custody of the minor because they have a strong bond.

To date, we have received no response from mother.

## DISCUSSION

"An appealed-from judgment or order is presumed correct.  [Citation.]  Hence, the appellant must make a challenge.  In so doing, he must raise claims of reversible error or other defect [citation], and 'present argument and authority on each point made' [citations].  If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal.  [Citation.]  In that event, it may order dismissal. [Citation.]"  (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.)

The parents have failed to raise claims of reversible error, and they have failed to show any defect.  In addition, we conclude that substantial evidence supports the juvenile court's order terminating parental rights.

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.